**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EDWARD D. JONES & CO., L.P.** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO.** |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **ANDREW STOTLER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS UNDER 18 U.S.C. ¶¶ 1836, *et seq.*, MISAPPROPRIATION OF TRADE SECRETS UNDER V.A.M.S. ¶¶ 417.450, *et seq.*, BREACH OF CONTRACT AND INJUNCTIVE RELIEF**

COMES NOW Edward D. Jones & Co., L.P. ("Edward Jones"), by and through its undersigned counsel, and for its Complaint against Defendant Andrew Stotler states as follows:

**INTRODUCTION**

1. This action is for a temporary restraining order and a preliminary injunction to maintain the status quo pending resolution of arbitration proceedings between Edward Jones and Defendant Andrew Stotler ("Mr. Stotler" or "Defendant")[1].

2. Mr. Stotler was employed as a financial advisor by Edward Jones. This dispute arises out of Mr. Stotler's departure from Edward Jones on April 20, 2020.

3. While still employed by Edward Jones, Mr. Stotler secretly, and in violation of his legal, equitable and contractual obligations to Edward Jones – actively and deceptively printed,

[1] Edward Jones and Mr. Stotler have agreed to submit the matters addressed in this Complaint to arbitration according to the rules of the Financial Industry Regulatory Authority ("FINRA"). Arbitration proceedings are being filed concurrently with FINRA Dispute Resolution. Edward Jones and Mr. Stotler, however, have also expressly agreed that Edward Jones has the right to seek injunctive relief before a court of competent jurisdiction pending the outcome of arbitration. Express language governing these rights is set forth herein at ¶¶ 27-28.

copied, and/or removed Edward Jones' client files, confidential records, and/or trade secrets and took them with him after he resigned from Edward Jones.

4. In violation of his contractual and legal duties, Mr. Stotler has, after resigning from Edward Jones and joining LPL Financial, LLC ("LPL"), improperly solicited the majority of the Edward Jones clients he serviced while working for Edward Jones.

5. Mr. Stotler's conduct violates the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 and the Missouri Uniform Trade Secrets Act ("MUTSA"), V.A.M.S. §§ 417.450, *et. seq.*

6. Mr. Stotler's conduct also constitutes of breach of his Financial Advisor Employment Agreement ("Agreement") with Edward Jones, which he signed and agreed to in May 2012, as well as Edward Jones' Trade Secrets Policy, which he accepted and agreed to abide by twice per year during his employment with Edward Jones. His conduct also violates other applicable laws.

7. To prevent continued irreparable harm arising from Mr. Stotler's course of conduct as an individual and in his work with or for LPL, Edward Jones seeks immediate injunctive relief (in the form of a temporary restraining order and preliminary injunction) barring Mr. Stotler and any entity acting in concert with him from soliciting Edward Jones' clients and barring LPL and any entity acting in concert with him from possessing and/or further using Edward Jones' confidential, trade secret, and proprietary business and customer information, pending resolution of Edward Jones' claims against Mr. Stotler in related arbitration.

**PARTIES**

8. Edward Jones is a limited partnership and a registered broker/dealer which operates more than 14,000 branch offices across the United States, including offices in and around Pacific, Missouri.

9. Upon information and belief, Mr. Stotler is currently a resident of Missouri. Before his sudden resignation on April 20, 2020, Edward Jones employed Mr. Stotler as a Financial Advisor with Edward Jones in an office located at 326 W Osage St., Pacific, MO 63069.

10. Upon information and belief, Mr. Stotler now works for LPL at an office located at 208 N. Central Avenue, Suite C, Eureka, Missouri 63025. LPL is a registered broker/dealer and direct competitor of Edward Jones.

## JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because claims at issue are governed by the laws of the United States, specifically the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 and related statutes.

12. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over other claims brought by Edward Jones because they form part of the same case or controversy as the claims over which this Court has original subject matter jurisdiction.

13. Venue is proper in this Court by virtue of 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims contained in this Complaint occurred within the Eastern District of Missouri, Eastern Division.

14. Venue is proper in this Court by virtue of 28 U.S.C. § 1391(b)(3) because this Court has personal jurisdiction over Defendant with respect to the claims contained in this Complaint.

## FACTUAL ALLEGATIONS

15. Edward Jones offers a wide variety of investment and financial advisory services. Edward Jones specializes in operating one-person branch offices in smaller- and medium-sized

markets, including Pacific, Missouri, that have not traditionally been serviced by the larger investment firms. The successful operations of Edward Jones' offices in these markets, dealing almost exclusively with individual investors, is the result of many years of effort, research, promotion, advertising, time, expense, marketing and good will expended by Edward Jones.

16. Mr. Stotler worked as a Financial Advisor at Edward Jones in the Pacific, Missouri branch office until April 20, 2020.

17. Mr. Stotler executed a Financial Advisor Employment Agreement (the "Agreement") when he accepted employment at Edward Jones. *See* Agreement attached as **Exhibit A**.

18. In signing the Financial Advisor Employment Agreement, Mr. Stotler acknowledged and agreed that his employment would put him in contact with confidential, proprietary, and trade secret information of Edward Jones, including but not limited to the names and contact information of Edward Jones' clients and the services provided to them. Mr. Stotler agreed that he would protect this confidential trade secret information, that he would use it exclusively in relation to his employment with Edward Jones, and that he would return it to Edward Jones upon termination of his employment. **Exhibit A**, at ¶ 13.

19. Client information, including identities, contact information, investment holdings and other financial information are confidential trade secrets and the exclusive property of Edward Jones.

20. Clients consider the financial information to be confidential and expect Edward Jones to take any and all reasonable steps to ensure their confidentiality. *Id.*

21. Paragraph 13 of Mr. Stotler's Financial Advisor Employment Agreement states as follows:

> You agree that all records of Edward Jones, whether original, duplicated, computerized, memorized, handwritten, or in any other form, and all information contained in those records, whether generated by Edward Jones or you including, but not limited to Edward Jones' processes, methods, plans, data, operations and the identities, names, addresses and telephone numbers of any account and/or client are confidential, proprietary to Edward Jones and constitute trade secrets of Edward Jones ("Edward Jones Trade Secrets"). Edward Jones Trade Secrets are and shall remain the sole and exclusive property of Edward Jones at all times during your employment with Edward Jones and after the termination of your employment. You shall at no time, while this Agreement is in effect or thereafter, use any Edward Jones Trade Secrets acquired by you during the period of this Agreement in a manner adverse to the interest of Edward Jones . . . It shall constitute a violation of this Agreement for you to provide client information to other than Edward Jones employees who have need to access said information for the purpose of providing investments and services to clients of Edward Jones . . . It shall constitute a breach of this Agreement for you to provide client information to anyone without the express written permission of Edward Jones including, but not limited to, prospective or future employers, for any purpose whatsoever . . . These Edward Jones Trade Secrets, whether provided to you by Edward Jones or by any clients of Edward Jones, are entrusted to you as an employee and representative of Edward Jones. These Edward Jones Trade Secrets are unique, extremely valuable to Edward Jones, and are developed and acquired by great expenditures of time, effort, and cost. You agree that all of said Edward Jones Trade Secrets or any part of them are the sole proprietary information of Edward Jones and shall be treated by you at all times as confidential information of Edward Jones. You further agree that (a) the identity and particular needs of Edward Jones' clients have actual or potential independent economic value because such information is not generally known and is not readily ascertainable by proper means by competitors of Edward Jones or others in the industry; (b) Edward Jones has a proprietary interest in the identity of its clients and all other information about its clients; and (c) documents and information regarding Edward Jones' processes, methods, plans, data, operations, and the identities, names, addresses and telephone numbers of any account and/or client are highly confidential and are protected from disclosure as Trade Secrets or otherwise

> proprietary and confidential information. You will not use these Edward Jones Trade Secrets or remove any records or duplicates of records containing Edward Jones Trade Secrets from any Edward Jones premises except for the purpose of conducting business on behalf of Edward Jones. You further agree not to divulge or disclose these Edward Jones Trade Secrets to any third-party, either during your employment or at any time thereafter . . . In the event of the termination of your employment with Edward Jones, for any reason whatsoever, you agree to return any original records and any copies whatsoever of documents or any computerized records containing Edward Jones Trade Secrets or any confidential and proprietary information which have been removed from Edward Jones . . . You agree that Trade Secrets of Edward Jones include all data on [any laptop computer provided by Edward Jones] including the hard drive, zip drive and software, including programs. Client information and Edward Jones Trade Secrets, as defined [herein] remain the exclusive property of Edward Jones whether retained on computer disk, transferred to another computer or storage device or converted to any other format, including paper copies . . . You acknowledge and agree that Edward Jones will suffer great loss and damage if, during your employment with Edward Jones or at any time thereafter, you were to improperly use or disclose Edward Jones Trade Secrets or confidential and proprietary information . . . Therefore, you agree that you must comply with the restrictive covenants of this Agreement. It is understood at the execution of this Agreement, and you acknowledge and agree, that such restrictions protect legitimate protectable interests of Edward Jones with respect to Edward Jones Trade Secrets and that the restrictions are reasonable and necessary to protect such interests, and that such restrictions do not impair or prevent you from earning a living or from working in other areas of the securities industry (e.g., effectuating sales to non-restricted customers).

22. Paragraph 4 of the Financial Advisor Employment Agreement states as follows:

> You shall keep and preserve all property of Edward Jones and shall deliver such property to Edward Jones, if requested, during the course of your employment. In the event your employment with Edward Jones ends either through termination by Edward Jones or by your resignation, you will surrender to Edward Jones all of said property which shall remain the property of Edward Jones.

23. Additionally, in signing the Financial Advisor Employment Agreement, Mr. Stotler agreed not to solicit Edward Jones' clients following termination of his employment. **Exhibit A**, at ¶ 13.

24. Paragraph 13 of the Financial Advisor Employment Agreement states as follows:

> Furthermore, you agree for a period of one year following the termination of your employment, that you will not solicit by mail, phone, electronic communication, personal meeting, or any other means, either directly or indirectly, any clients of Edward Jones with whom you had direct contact during your employment with Edward Jones or about whom you have information or knowledge of confidential information or Edward Jones Trade Secrets, provided that the foregoing provision shall not apply to clients with whom you did securities and/or insurance business before you became an employee of Edward Jones. Your agreement not to solicit means that you shall not, during your employment with Edward Jones, and for a period of one year thereafter, contact or communicate with, regardless of who initiates said contact or communication, any Edward Jones client for the purpose of inviting, encouraging or requesting any Edward Jones client to transfer from Edward Jones to you or to your new employer/independent broker-dealer, to open a new account with you or with your new employer or to otherwise discontinue his/her/its patronage and business relationship with Edward Jones . . . You acknowledge and agree that Edward Jones will suffer great loss and damage if, during your employment with Edward Jones or at any time thereafter, you were to improperly use or disclose Edward Jones Trade Secrets or confidential and proprietary information or if you were to use your contacts and relationships with any customers of Edward Jones. Therefore, you agree that you must comply with the restrictive covenants of this Agreement. It is understood at the execution of this Agreement, and you acknowledge and agree, that such restrictions protect legitimate protectable interests of Edward Jones with respect to Edward Jones Trade Secrets and that the restrictions are reasonable and necessary to protect such interests, and that such restrictions do not impair or prevent you from earning a living or from working in other areas of the securities industry (e.g., effectuating sales to non-restricted customers).

25. Mr. Stotler acknowledged and agreed that a breach of his obligations regarding confidential trade secrets and/or his obligations regarding non-solicitation would cause

irreparable harm to Edward Jones. He also agreed that Edward Jones would be entitled to injunctive relief related to any such breach as well as the recovery of related attorneys' fees.

26. Paragraph 14 of the Financial Advisor Employment Agreement states as follows:

> In addition to and not in lieu of, all other rights and remedies available to Edward Jones, Edward Jones shall be automatically entitled to a temporary restraining order and a temporary or preliminary injunction and to obtain all other available equitable remedies including a permanent injunction in order to restrain and enjoin any breach or violation of this Agreement by you. The exercise of Edward Jones' right to obtain injunctive relief for any actual or threatened damage or injury caused by you shall not prejudice its right to seek and obtain damages . . . Edward Jones and you agree that Edward Jones would suffer substantial, immediate and irreparable harm to its patronage and good will; that it would suffer the loss of its clients and accounts (which cannot be adequately remedied by damages); that any remedy in arbitration would be a nullity unless temporary and preliminary relief preserving Edward Jones' rights hereunder pending such arbitration is granted; and that Edward Jones shall therefore be automatically entitled to (and may proceed to secure) a temporary restraining order and temporary or preliminary injunction and other appropriate relief in any state or federal court in order to preserve the status quo that existed prior to any alleged breach of this Agreement pending the outcome of such arbitration. This right of Edward Jones to injunctive relief shall be in addition to any other remedies available to Edward Jones for any breach or any violation hereof.

27. Paragraph 15 of the Financial Advisor Employment Agreement states as follows:

> You acknowledge that the separate and distinct promises in this Agreement are reasonable and necessary in order to protect Edward Jones' legitimate business interests, that any violation would result in irreparable injury to Edward Jones, and that the enforcement of a remedy by way of injunction or otherwise would not prevent you from earning a living. If Edward Jones incurs expenses to retain attorneys to enforce this Agreement and/or seek redress for any violation, you promise and agree to pay all costs, court costs, fees and expenses, including actual attorneys' fees, incurred by Edward Jones to enforce this Agreement and/or recover and collect damages for any violation, whether or not litigation is commenced.

28. Paragraph 17 of the Financial Advisor Employment Agreement states as follows:

> [The agreement to arbitrate disputes in accordance with FINRA rules] shall in no way affect or impair Edward Jones' rights under any other provision of this Agreement to obtain equitable relief from a court of competent jurisdiction, which relief may remain in full force and effect pending the outcome of arbitration proceedings.

29. Moreover, Edward Jones does not stop its efforts at ensuring the confidentiality of client information at requiring Financial Advisors to execute its Agreement. Edward Jones also has a Compliance Manual which outlines that Edward Jones customer information constitutes confidential and trade secret information of Edward Jones. *See* Declaration of Dan Monks attached as **Exhibit B** at ¶ 5.

30. Edward Jones required every Financial Advisor to acknowledge regularly the trade secret status of customer information. Once every six months each Financial Advisor, must acknowledge the trade secret status of said information or be denied access to said information on the office computer. *Id*. at ¶ 6.

31. Edward Jones undertakes other extensive efforts to ensure that confidential client information is secured and not available to the public. The steps include not only requiring Financial Advisors to execute the agreements described herein and abide by the confidentiality requirements contained in the Manual, but also the implementation of various security systems limiting access to hard-copy and computer data and restricting access to said information to only those who have a need to know and have access to it. *See* Declaration of Chris Bauer attached as **Exhibit C** at ¶ 11.

32. Upon information and belief, Mr. Stotler intentionally collected Edward Jones trade secrets and took them with him to solicit Edward Jones' clients and induce them to terminate their relationship with Edward Jones.

33. In the weeks leading up to his resignation on April 20, 2020, Mr. Stotler printed lists containing client information and, upon information and belief, removed them, disclosed them to LPL, and is using them to solicit Edward Jones clients. Specifically, on February 12, 2020 and March 6, 2020, Mr. Stotler printed documents that contained the identities of Edward Jones clients and other personal and financial information related to those clients. He also printed numerous reports from the Edward Jones List Manager System. *See* Declaration of Jay Guetterman, attached hereto as **Exhibit D**, at ¶¶ 7-8 and Declaration of Chris Bauer, **Exhibit C**, at ¶¶ 7-11.

34. Immediately after Mr. Stotler's resignation, he began contacting Edward Jones clients, via telephone, to convince them to transfer their accounts to LPL. *See* Declaration of Amanda Prince attached hereto as **Exhibit E**, at ¶¶ 8-12 and Declaration of Karen Coughlin attached hereto as **Exhibit F**.

35. Edward Jones' trade secret client information taken and/or retained by Mr. Stotler is confidential and proprietary to Edward Jones and is not readily available to or ascertainable by Mr. Stotler, LPL, or other competitors. Such information is valuable to competitors because it can be used to target solicitations of an otherwise unknown group of investors.

36. When Edward Jones' trade secret client information is improperly disseminated to third parties, it can result in monetary damages as well as harm to its business reputation and a loss of goodwill.

37. Mr. Stotler's use of Edward Jones' trade secrets and violation of his non-solicitation obligations is causing and will continue to cause irreparable harm to Edward Jones.

38. Before Mr. Stotler's resignation, the Edward Jones Pacific, Missouri branch office where he worked managed assets in excess of $44 million. E**xhibit B** at ¶ 8.

39. As of May 1, 2020, approximately $7 million of those assets have been transferred out of Edward Jones accounts to Mr. Stotler's new employer. *Id*. at ¶ 9.

40. The actions of Mr. Stotler have damaged the financial viability of the Edward Jones' Pacific, Missouri branch office because he has solicited Edward Jones clients representing a significant amount of assets, as well as caused noncompensable damages to Edward Jones' business reputation and the goodwill it has developed at great effort and expense over the years.

**COUNT I**
**Misappropriation of Trade Secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836**

41. Edward Jones' trade secrets and confidential and proprietary business and customer information derives substantial, independent economic value from not being generally known to the public or to its competitors, who could obtain economic value from the information. Edward Jones has expended substantial financial and human resources to develop this information, which cannot be easily acquired or replicated by others.

42. Edward Jones has taken reasonable steps under the circumstances to safeguard the confidentiality and secrecy of its trade secrets and confidential information.

43. Among other things, Edward Jones has required its employees to sign agreements and conform to policies that include confidentiality provisions. It has instructed its employees not to disclose internal information to third parties. It has taken security measures and other measures to protect its trade secrets and confidential information in electronic and hard-copy formats.

44. Mr. Stotler agreed to and acknowledged contracts and policies that include confidentiality and non-disclosure provisions.

45. Edward Jones' trade secrets and confidential information are valuable and important to the operation of its business.

46. Edward Jones' trade secrets and confidential information are not known to competitors, and are not readily ascertainable through proper means by competitors. Competitors could profit from the use or disclosure thereof.

47. Edward Jones is informed and believes that Mr. Stotler has used Edward Jones' trade secrets and confidential information for his benefit without Edward Jones' consent.

48. Mr. Stotler's conduct constitutes misappropriation and misuse of Edward Jones' confidential, proprietary, and trade secret information.

49. If Mr. Stotler is permitted to unfairly compete with Edward Jones as described herein, he will continue to use the Edward Jones' trade secrets and confidential information to his advantage, and/or the advantaged of LPL and to the detriment of Edward Jones.

50. Upon information and belief, Mr. Stotler's acts and conduct were willful and malicious, and in conscious or reckless disregard of the rights of Edward Jones.

51. By reason of Mr. Stotler's violations of the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 and related statutes, Edward Jones faces immediate, substantial, and irreparable harm for which there is no adequate remedy at law.

52. As a direct and proximate result of Mr. Stotler's violations of the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 and related statutes, Edward Jones has sustained and will continue to sustain irreparable injury, the damages from which cannot now be calculated, but

which exceed $75,000. Accordingly, Edward Jones is entitled to a temporary restraining order and a preliminary injunction, compensatory and exemplary damages, and attorneys' fees.

## COUNT II
## Breach of Contract

53. Edward Jones repeats and realleges Paragraphs 1 through and including 52 as if fully set forth herein.

54. Edward Jones has fully performed its obligations under the Agreement.

55. Defendant has violated his obligations under the Agreement and the other contractual promises he made to Edward Jones by, among other things, taking Edward Jones' client information, providing Edward Jones' client information to LPL, and soliciting Edward Jones clients within one year of his separation from Edward Jones.

56. Defendant's breaches of his Agreement have directly and proximately caused irreparable harm to Edward Jones, which lacks an adequate remedy at law.

57. As a direct and proximate result of Defendant's breach of his agreement, Edward Jones has sustained and will continue to sustain irreparable injury, the damages from which cannot now be calculated.

58. Accordingly, Edward Jones is entitled to a temporary restraining order and a preliminary injunction, compensatory and exemplary damages, and attorneys' fees, in an amount to be determined at trial.

59. Edward Jones also seeks an order compelling Defendant to return any and all Edward Jones documents and/or other compilations prepared by Defendant, either from documents he removed from Edward Jones or from memory, which contain Edward Jones business and client information.

**COUNT III**

**Misappropriation of Trade Secrets under the Missouri Uniform Trade Secrets Act, V.A.M.S. ¶¶ 417.450, *et seq*.**

60. Edward Jones repeats and realleges Paragraphs 1 through and including 59 as if fully set forth herein.

61. Edward Jones' trade secrets and confidential and proprietary business and customer information derives substantial, independent economic value from not being generally known to the public or to its competitors, who could obtain economic value from the information. Edward Jones has expended substantial financial and human resources to develop this information, which cannot be easily acquired or replicated by others.

62. Edward Jones has taken reasonable steps under the circumstances to safeguard the confidentiality and secrecy of its trade secrets and confidential information, including client information.

63. Among other things, Edward Jones requires its employees to sign agreements and conform to policies that include confidentiality provisions. It has instructed its employees to not disclose internal information to third parties. It has taken security measures and other measures to protect its trade secrets and confidential information in electronic and hard-copy formats.

64. Mr. Stotler's agreed to and acknowledged contracts and policies that include confidentiality and non-disclosure provisions.

65. Edward Jones' trade secrets and confidential information are valuable and important to the operation of its business.

66. Edward Jones' trade secrets and confidential information are not known to competitors, nor readily ascertainable through proper means by competitors. Competitors could profit from the use or disclosure thereof.

67. Mr. Stotler has used Edward Jones' trade secrets and confidential information for his benefit without Edward Jones' consent.

68. Mr. Stotler's conduct constitutes a misappropriation and misuse of Edward Jones' confidential, proprietary, and trade secret information.

69. If Mr. Stotler is permitted to unfairly compete with Edward Jones as described herein, he will continue to use the Edward Jones' trade secrets and confidential information to his advantage, and/or the advantage of LPL and to the detriment of Edward Jones.

70. Upon information and belief, Mr. Stotler's acts and conduct were willful and malicious, and in conscious or reckless disregard of the rights of Edward Jones.

71. By reason of Mr. Stotler's violations of the Missouri Uniform Trade Secrets Act, V.A.M.S. ¶¶ 417.450, *et seq*. and related statutes, Edward Jones faces immediate, substantial, and irreparable harm for which there is no adequate remedy at law.

72. As a direct and proximate result of Mr. Stotler's violations of the Missouri Uniform Trade Secrets Act, V.A.M.S. ¶¶ 417.450, *et seq*. and related statutes, Edward Jones has sustained and will continue to sustain irreparable injury, the damages from which cannot now be calculated. Accordingly, Edward Jones is entitled to a temporary restraining order and a preliminary injunction, compensatory and exemplary damages, and attorneys' fees.

**COUNT IV**
**Tortious Interference with Business Relations**

73. Edward Jones repeats and realleges Paragraphs 1 through and including 72 as if fully set forth herein.

74. There existed and continues to exist business relations between Edward Jones and its clients. Edward Jones has developed and maintains these advantageous actual business relationships with its clients that promise a continuing probability of future economic benefit to Edward Jones.

75. Mr. Stotler was aware of the business relations that Edward Jones had with its clients.

76. Mr. Stotler has already and, upon information and belief, will continue to intentionally interfere with the business relations that Edward Jones has with its clients.

77. Mr. Stotler has and upon information and belief, will continue to so interfere using his knowledge of Edward Jones' business relations and contacts, in violation of the terms of his employment Agreement with Edward Jones.

78. Mr. Stotler has intentionally interfered with Edward Jones' legitimate future business expectations, with the intent to cause clients to terminate their relationship with Edward Jones.

79. Mr. Stotler actions were done with an improper motive, and by improper means by breaching his Agreement with Edward Jones, and by using information improperly misappropriated from Edward Jones.

80. Mr. Stotler's actions have damaged and will continue to damage Edward Jones.

81. By reason of Mr. Stotler's tortious interference with existing business relationships, Edward Jones faces immediate, substantial, and irreparable harm for which there is no adequate remedy at law.

82. As a direct and proximate result of Mr. Stotler's tortious interference with existing business relationships, Edward Jones has sustained and will continue to sustain

irreparable injury, the damages from which cannot now be calculated. Accordingly, Edward Jones is entitled to a temporary restraining order and a preliminary injunction, compensatory and exemplary damages, and attorneys' fees, in an amount to be determined at trial.

**COUNT V**
**Unfair Competition**

83. Edward Jones repeats and realleges Paragraphs 1 through and including 82 as if fully set forth herein.

84. Mr. Stotler's conduct as set forth above and incorporated herein is unlawful, fraudulent, deceptive, and constitutes unfair competition.

85. Specifically, Mr. Stotler has unfairly competed with Edward Jones by breaching the non-solicitation term that Edward Jones bargained for, and Mr. Stotler agreed to, in the employment Agreement.

86. By reason of Mr. Stotler's unfair competition, Edward Jones faces immediate, substantial, and irreparable harm for which there is no adequate remedy at law.

87. As a direct and proximate result of Mr. Stotler's unfair competition, Edward Jones has sustained and will continue to sustain irreparable injury, the damages from which cannot now be calculated. Accordingly, Edward Jones is entitled to a temporary restraining order and a preliminary injunction, compensatory and exemplary damages, and attorneys' fees, in an amount to be determined at trial.

**COUNT VI**
**Injunctive Relief**

88. Edward Jones repeats and realleges Paragraphs 1 through and including 87 as if fully set forth herein

89. Mr. Stotler's actions entitle Edward Jones to injunctive relief pursuant to the federal Defend Trade Secrets Act, 18 U.S.C., § 1836 and related statutes, the Missouri Uniform Trade Secrets Act and other applicable laws, and equitable principles prohibiting Mr. Stotler from competing with Edward Jones as described herein, and/or the provisions of the contracts between Mr. Stotler and Edward Jones.

WHEREFORE, Edward Jones respectfully requests that a judgment be entered in its favor against Mr. Stotler as follows:

A. In support of all claims for relief, a temporary and preliminary injunction lasting until such time as FINRA Dispute Resolution renders an award in the underlying dispute, enjoining and restraining Defendant, directly or indirectly, and whether alone or in concert with others, from:

i. soliciting, attempting to solicit, inducing to leave, or attempting to induce to leave any Edward Jones client serviced by Mr. Stotler while at Edward Jones or with respect to whom Mr. Stotler was privy to trade secret or confidential information; and

ii. using, disclosing, or transmitting for any purpose Edward Jones' documents, materials, trade secrets, and/or confidential or proprietary information pertaining to Edward Jones, its employees, its operations, and/or its clients.

B. Ordering Defendant, and all those acting in concert with him, to return to Edward Jones or its counsel all records, documents, and/or information in whatever form (whether original, copied, computerized or handwritten), pertaining to Edward Jones, its trade secrets, its confidential or proprietary information, its employees, its operations, and/or its clients, within 24 hours of notice to Mr. Stotler or his counsel of the terms of such an order.

C. Damages to be determined at trial.

D. Exemplary damages pursuant to the Defend Trade Secrets Act and the Missouri Uniform Trade Secrets Act.

E. Costs.

F. Attorneys' fees pursuant to the Defend Trade Secrets Act and Missouri Uniform Trade Secrets Act, as a result of Defendant's willful and malicious misappropriation, and pursuant to Defendant's contracts with Edward Jones.

G. Such other and further relief as the Court deems just and proper.

Dated: May 1, 2020

GREENSFELDER, HEMKER & GALE, P.C.

By *_/s/ Christopher A. Pickett_*
Christopher A. Pickett, MO #51059
cap@greensfelder.com
Caroline B. Paillou, MO #66977
cpaillou@greensfelder.com
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
Telephone: (314) 516-2662
Facsimile: (314) 345-5488

*Attorneys for Plaintiff Edward D. Jones & Co., L.P.*